IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TOREE JONES, #268125, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:20-CV-703-RAH |
| | ) (WO) |
| | ) |
| KAY IVEY, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Toree Jones, a state inmate currently incarcerated at the Red Eagle Honor Farm based on his 2009 conviction for murder and 25-year sentence. Doc. 1 at 2. Jones names Kay Ivey, the Governor of Alabama; the Alabama Department of Corrections; Jefferson S. Dunn, the Commissioner of the Alabama Department of Corrections; Charles Tipton, the warden of Red Eagle; and Steve Marshall, the Attorney General of Alabama, as defendants. In his complaint, Jones alleges that the defendants have deprived him of his constitutional rights by denying him good time credits for the majority of his incarceration. Doc. 1 at 2–3.[1] Jones seeks monetary damages and his release from prison. Doc. 1 at 3.

---

[1] In the Alabama prison system, "good time" is also known as correctional incentive time.

Upon thorough review of the complaint, the undersigned finds that this case is due to be dismissed prior to service of process in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

## II. DISCUSSION

Jones complains that his constitutional rights have been violated because he has not been awarded good time credits during his incarceration. Doc. 1 at 2–3. It is clear that Success on the plaintiff's challenge to the denial of good time would necessarily impact the duration of his current incarceration. As a result, under well-settled law, the claims presented by Jones are not cognizable in a section 1983 action at this time. *See Edwards v. Balisok,* 520 U.S. 641 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Instead, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and [a ruling in his favor would result in] immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481. The rule of *Heck* is not limited to a request for damages but is equally applicable to an action in which declaratory or injunctive relief is sought. *See Balisok*, 520 U.S. at 648. Thus, the "sole remedy in federal court" for a state prisoner challenging the constitutionality of the fact or duration of his incarceration

---

[2] The court granted Jones leave to proceed *in forma pauperis* in this cause of action. *See* Doc. 3. It is therefore obligated to screen the complaint for possible summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B). The screening procedure requires the court to "dismiss the case at any time if the court determines that— . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii); *see also* 28 U.S.C. §§ 1915A(b)(1)-(2) ("On review [of a prisoner's complaint against government officials and regardless of his *in forma pauperis* status], the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— . . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief.").

is a petition for writ of habeas corpus. *Id*. at 645; *Calderon v. Ashmus*, 523 U.S. 740, 746–47 (1998) (holding that "any claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code.") (citing *Preiser*, 411 U.S. at 500).

For the foregoing reasons, an inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996). Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge." *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (holding that the "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]"). The Supreme Court emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649. "Later, in *Wilkinson v. Dotson,* 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), the Supreme Court reviewed its prior holdings in this area and summarized that 'a state prisoner's § 1983 action is barred (absent previous invalidation [of his conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.' *Id.* at 81–82, 125 S.Ct. at 1248." *Robinson v. Satz*, 260 F. App'x 209, 212 (11th Cir. 2007) (alterations in original).

In determining the applicability of *Heck* to this case, "the relevant inquiry is . . . whether the § 1983 claims call into question the validity of the deprivation of [good-time] credits. Because [the plaintiff's] § 1983 . . . claims necessarily imply the invalidity of the [challenged] actions that deprived him of good-time credits, he cannot pursue those claims under § 1983." *Richards v. Dickens*, 411 F. App'x 276, 279 (11th Cir. 2011); *see also Davis v. Hodges*, 481 F. App'x 553, 554 (11th Cir. 2012) (holding that "*Heck* . . . applies [in cases which either directly or indirectly involve] prison [good time] determinations if a [favorable ruling on the] prisoner's § 1983 claim would necessarily affect the fact or duration of his confinement."). The principles espoused in *Heck* and *Balisok* therefore apply to Jones' challenges to the denial of good time credits and foreclose this court's review of his claims under 42 U.S.C. § 1983 at this time.

It is clear from the complaint that the action of correctional officials in denying good time to Jones has not been reversed, expunged, impugned or invalidated in an appropriate state or federal proceeding. Thus, a judgment in favor of Jones on the claims presented here would necessarily imply the invalidity of the length of his incarceration. Under these circumstances, *Heck* and its progeny bar Jones' use of any federal civil action other than a petition for habeas corpus relief under 28 U.S.C. § 2254 to mount a collateral attack on the duration of his incarceration. *Heck*, 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the [challenged action] is reversed, expunged, invalidated, or impugned by the grant of a [federal] writ of habeas corpus [or some appropriate state court action]."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is

a rule of cognizability, not exhaustion."). Hence, Jones' claims challenging the duration of his imprisonment are not cognizable in the instant 42 U.S.C. § 1983 action, and this case is therefore subject to summary dismissal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).[3]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice prior to service in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as the claims presented by the plaintiff currently provide him no basis for relief.

On or before **September 30, 2020**, the plaintiff may file objections to this Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate

---

[3] Jones is advised that any federal petition for writ of habeas corpus that he files is subject to the procedural limitations imposed upon such petitions—in particular, the exhaustion of state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus [filed] on behalf of a [state inmate] shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State[.]").

provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    Done, on this the 16th day of September, 2020.

                                                   /s/ Susan Russ Walker  
                                                   Susan Russ Walker  
                                                   United States Magistrate Judge